## FAWSETT v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4757.

Circuit Court of Appeals, Seventh Circuit.

Feb. 17, 1933.

Rehearing Denied March 20, 1933.

Charles F. Fawsett, of Milwaukee, Wis., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and John MacC. Hudson, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Laura M. Berrien, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before ALSCHULER and EVANS, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

Petitioner asserts that the amount in controversy, being the profits obtained on a Florida real estate deal, should not have been included in her 1925 taxable income, but were profits of the year 1930. The Commissioner and the Board of Tax Appeals held otherwise.

The facts out of which the controversy arises may be briefly stated as follows:

Petitioner, a Milwaukee resident, and Flower Brothers, Florida real estate dealers, purchased, in 1925, 10,474 acres of Florida real estate for $104,748. The purchase price was paid by (a) the assumption of an outstanding mortgage of $35,000; (b) the execution of a second mortgage securing four notes of $10,000 each for the payment of which petitioner became liable; and (c) cash advanced by the two purchasers. Each paid $12,774.10. A corporation was organized to purchase and dispose of the land which was conveyed to the corporation for a price aggregating $160,000 and 400 shares of its capital stock. $85,000 was paid in cash, and the balance was represented by the two outstanding mortgages, aggregating $75,000, only the former of which the corporation assumed.

The capital stock of the corporation was 1,400 shares, 1,000 shares of which were sold to the public and 400 shares divided equally between petitioner and Flower Brothers. From the proceeds of the sale of the stock to the public, $85,000 was applied on the purchase price of the land, the balance

446

used in part to apply on one of the mortgages. After the costs and commissions incident to the sale were paid, petitioner received, July, 1925, as her part of the deal, $30,-916.15. Her profits, which were realized in 1925, were therefore $18,142.05. However, she was contingently liable on the four $10,-000 notes which Flower Brothers executed. The venture turned out badly for the corporation which finally permitted the land to be sold on foreclosure in 1930. A sufficient sum was realized to satisfy the outstanding mortgages, but nothing was realized on the stock.

Upon this statement of facts we agree with the Commissioner and the Board of Tax Appeals that petitioner's profits on the transaction occurred in 1925, and the possible loss on the $40,000 mortgage was not deductible therefrom. It is true there was a possibility of petitioner's being called upon to make good a judgment predicated upon the four notes of $10,000 each. However, that was a loss which she was required to meet when and if it occurred. If it ever occurred she could deduct the loss from the gains and profits for the year wherein it occurred. As stated in Burnet v. Huff, 53 S. Ct. 330, 331, 77 L. Ed. ——, decided February 6, 1933:

"* * * The mere existence of liability is not enough to establish a deductible loss. There is liability in the case of a breach of contract, but as the Court said in Lucas v. American Code Company, 280 U. S. 445, 450, 50 S. Ct. 202, 203, 74 L. Ed. 538, 'even an unquestionable breach does not result in loss, if the injured party forgives or refrains from prosecuting his claim.' And whether a taxpayer will actually sustain a loss through embezzlement of trust funds of which he is trustee will depend upon a variety of circumstances. If there is liability on his part for the misappropriation, it does not create a certainty of loss, as the defalcation may be made good by the one who caused it, or the liability of the taxpayer may be enforced only to a limited extent or not at all. The requirement that losses be deducted in the year in which they are sustained calls for a practical test. The lost 'must be actual and present.'"

■ The Government tax is due the year the profits occur. The tax may not be withheld because perchance there may be a loss due to a rise or fall of values or due to mismanagement, etc.

The order of the Board of Tax Appeals is

Affirmed.